```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARPENTERS SAVINGS FUND OF PHILADELPHIA AND VICINITY and EDWARD CORYELL in his capacity as a fiduciary,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALICIN KULOSZEWSKI,<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-2978<br>           (JEI/JS)<br><br>**ORDER GRANTING DEFAULT JUDGMENT**<br>**(Dkt. No. 6)** |

**APPEARANCES:**

JENNINGS SIGMOND
Judith Ann Sznyter
510 Walnut Street
16th Floor
Philadelphia, PA 19106
    Counsel for Plaintiffs

**IRENAS**, Senior District Judge:

   This matter having appeared before the Court on Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 6); the Court having reviewed Plaintiff's submission; Defendant having made no appearance; and for good cause appearing;

   1. On May 24, 2011, Plaintiff filed this action alleging an accidental overpayment from an ERISA governed individual account pension plan.  David Kuloszewski named his two daughters as fifty percent plan beneficiaries.  However, upon his passing, Plaintiff paid the entire death benefit amount to Defendant.

   2. On February 24, 2011, Plaintiff sent Defendant a letter

alerting her to the overpayment. On June 23, 2011, service of the Summons and Complaint were made at Defendant's usual place of abode. Copies were left with Defendant's boyfriend, Keith Dessin. To date, Defendant has not made an appearance in this case. On August 18, 2011, the Clerk of the Court filed an entry of default against Defendant.

3. Plaintiffs presently request this Court to make an entry of default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b)(2). Defendant has not made any attempt to contest the Motion for Default Judgment or respond in any way to the Summons and Complaint.

4. Plaintiffs request restitution in the amount of $13,687.80 and legal fees. Plaintiffs further request this Court to deem Defendant a plan fiduciary and assess damages based on an accounting of any earnings and profits made from the overpayment.

5. "A person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1103(21)(A); see also *Bd. of Trustees of Bricklayers and Allied Craftsmen of NJ Welfare Fund v. Wettlin Associates, Inc.*, 237 F.3d 270, 272 (2001). The plain language of this statute encompasses those who knowingly and unlawfully retain plan assets to which they are not entitled

as the undisputed facts here indicate. *See Int'l Painters and Allied Trades Indus. Pension Fund v. Aragones*, 643 F.Supp.2d 1329, 1336 (M.D.Fla. 2008).

6. Accordingly, the Motion for Default will be granted. However, the Court will not order an accounting of earnings on unlawfully retained funds that may no longer exist. Instead, interest on the judgment shall run from the date of overpayment at the rate set by 28 U.S.C. § 1961.

7. Furthermore, the Court declines to award discretionary legal fees pursuant to 29 U.S.C. § 1132(g)(1). Defendant's failure to appear tips several of the factors against such an award. Specifically, Plaintiff cannot demonstrate: (1) the ability of the offending party to satisfy the award, (2) a deterrent effect of an award of attorneys' fees against the offending party, or (3) a benefit conferred on members of the pension plan as a whole. *See Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983) (setting out a total of five factors to consider in an award of attorneys' fees pursuant to 20 U.S.C. § 1132(g)(1)).

**IT IS**, on this __28th__ day of November, 2011,

**ORDERED THAT**

(1) Plaintiff's Motion for Default Judgment is hereby **GRANTED** in the amount of $13,687.80.

(2) Interest shall run on the judgment from the date of the overpayment in the amount set by 28 U.S.C. § 1961.

(3) Plaintiff's Motion with respect to attorneys' fees is hereby **DENIED**.

(4) Plaintiff shall serve a copy of this Order and accompanying Judgment on Defendant in accordance with Fed.R.Civ.P. 4.

                                                /s/ Joseph E. Irenas
                                                **JOSEPH E. IRENAS, S.U.S.D.J.**